IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMY BRANDON, | ) | |
| | ) | |
| Plaintiff, | ) | 2:22-cv-1671 |
| | ) | |
| v. | ) | |
| | ) | Judge Marilyn J. Horan |
| UPMC PRESBYTERIAN SHADYSIDE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff, Amy Brandon, filed suit against Defendant, UPMC Presbyterian Shadyside, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), the Rehabilitation Act of 1973, the Pennsylvania Human Relations Act (PHRA), 42 U.S.C. § 2000e-3, and the Americans with Disabilities Act (ADA). (ECF No. 18). Presently, before the Court, is Defendant's Partial Motion for Judgment on the Pleadings. (ECF No. 23). Defendant moves for judgment on the pleadings in its favor on Ms. Brandon's Count II, Wrongful Termination claim; Count III, Retaliation claim; and Count IV, Gender Discrimination claim. (ECF No. 23). The Partial Motion for Judgment on the Pleadings has been fully briefed and is now ripe for decision. For the reasons that follow, Defendant's Partial Motion for Judgment on the Pleadings will be granted.

I.  **Statement of Facts**

Beginning in September 2013, Ms. Brandon was employed by Defendant as a revenue cycle supervisor overseeing help desks. (ECF No. 18, ¶¶ 7-10). Ms. Brandon suffers from depression, anxiety, bipolar 1 depression, and post-traumatic stress disorder. (ECF No. 18, ¶ 12). Ms. Brandon alleges that, in September 2021, her supervisor, Jason Swenson, began to demoralize and harass Ms. Brandon in front of other employees, and he suggested that she take

Adderall in response to her mental and emotional distress. (ECF No. 18, ¶ 13). In March 2020, Mr. Swenson began to berate and belittle Ms. Brandon in front of other employees while she was conducting cross-training for other supervisors and departments on a Zoom meeting. (ECF No. 18, ¶ 14).

Ms. Brandon was approved for FMLA leave by Workpartner from October 4, 2021 until December 26, 2021. (ECF No. 18, ¶ 16). Ms. Brandon was approved for short-term disability by Workpartner from October 10, 2021 until March 26, 2022. (ECF No. 18, ¶ 17). On February 11, 2022, Ms. Brandon received a notice stating, "Since your time way from your work is no longer protected, your employment is terminated effective 2-7-2022." (ECF No. 18, ¶ 18).

Ms. Brandon filed an EEOC charge on July 29, 2022, which stated that she was discriminated against based upon her disability. (ECF No. 19-1, at 3). Ms. Brandon received her Right to Sue Letter from the EEOC on September 3, 2022. (ECF No. 18-4, at 2).

## II.     Relevant Legal Standard

Federal Rule of Civil Procedure 12(c) provides: "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." "In reviewing a motion for judgment on the pleadings, a court must accept the nonmovant's allegations as true and view all facts and inferences drawn therefrom in the light most favorable to the nonmoving party." *Selective Way Ins. Co. v. Gingrich*, No. 1:10-CV-405, 2010 WL 4362450, at *2 (M.D. Pa. Oct. 27, 2010) (citing *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005)). "A court presented with a motion for judgment on the pleadings must consider the plaintiff's complaint, the defendant's answer, and any written instruments or exhibits attached to the pleadings." *Anthony v. Torrance State Hosp.*, No. CV 3:16-29, 2016 WL 4581350, at *1 (W.D. Pa. 2016). A motion for judgment on the pleadings may be granted where "'the movant clearly establishes that no material issue of fact remains to be resolved' and that it is 'entitled to

judgment as a matter of law.'" *Wiseman Oil Co. v. TIG Ins. Co.*, 878 F. Supp. 2d 597, 600 (W.D. Pa. 2012) (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)).

### III. Discussion

As an initial matter, while courts have an obligation to read a pro se litigant's pleading liberally, a pro se plaintiff is not excused from complying with rules of procedural and substantive law. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). Although courts are directed to "liberally construe pro se filings," the plaintiff "is not exempt from procedural rules or the consequences of failing to comply with them." *Jones v. Sec'y Pa. Dep't of Corr.*, 589 F. App'x 591, 593 (3d Cir. 2014). "Courts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 1611 (2020) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1217 (3d ed. 2019). The Third Circuit has explained:

> The circumstances surrounding the particular pleading, including the nature of the action, the sort of relief being sought, the availability of information, and other practical considerations must guide the inquiry into whether the litigant's statement of his claim qualifies as "short and plain."

*See* Wright & Miller, *supra*, § 1217. Importantly, "judging the sufficiency of a pleading is a context-dependent exercise." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010). *Id.* at 93. Furthermore, a "statement of a claim may be 'plain' even if it does not include every name, date, and location of the incidents at issue." *Id.* (citations omitted).

#### A. Count II – Wrongful Termination Claim

Defendant argues that it is entitled to Judgment on the Pleadings in regard to Ms. Brandon's Count II, Wrongful Termination claim, because such claim is not recognized under Pennsylvania common law where such claim can be brought pursuant to the PHRA and ADA.

3

(ECF No. 24, at 4). Ms. Brandon argues that her Amended Complaint brings forth sufficient factual material for her Count II, Wrongful Termination claim. (ECF No. 28, at 5).

"Pennsylvania law does not recognize a common law cause of action for violating public policy if a statutory remedy exists." *Gillispie v. Reg'l Care Hospital Partners, Inc.*, 892 F.3d 585, 597 (3d Cir. 2018). Because the PHRA and ADA provide statutory remedies for discrimination based on disability, wrongful termination claims based on disability discrimination are preempted. *Smith v. Smith Transp., Inc.*, 3:20-CV-250, 2022 WL 2872464, at *2-3 (W.D. Pa. July 21, 2022).

Because the PHRA and ADA already recognize a cause of action for wrongful termination based on disability discrimination, Ms. Brandon's Count II, Wrongful Termination claim, must fail. Ms. Brandon has not identified any reason why her Count II, Wrongful Termination claim, violates any articulated public policy that is not already covered under the PHRA and ADA. As such, Defendant's Motion for Judgment on the Pleadings as to Ms. Brandon's Count II, Wrongful Termination claim, will be granted.

### B. Exhaustion of Administrative Remedies

Defendant argues that Ms. Brandon did not allege retaliation or gender discrimination within her EEOC charge; and, as a result, she did not properly exhaust her administrative remedies as to those claims. (ECF No. 24, at 7). Ms. Brandon argues that her Count III, Retaliation claim, and Count IV, Gender Discrimination claim, are encompassed within the scope of her EEOC charge. (ECF No. 28, 10-11).

Before a plaintiff can bring a civil action for employment discrimination, the aggrieved employee must first file a charge with the EEOC and receive notice of his or her right to sue the employer in federal court. *Hicks v. ABT Assoc., Inc.*, 572 F.2d 960, 963 (3d Cir. 1978). "Once

4

the EEOC receives a charge, it is required to give notice to the employer and to make an investigation to determine whether there is reasonable cause to believe that the charge is true." *Id.* If in the course of its investigation the EEOC finds no reasonable cause for the underlying charge, the EEOC then issues a letter informing the charging party of his or her right to sue in federal court. *Id.* The scope of a resulting private civil action is "defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* (citing *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398-99 (3d Cir. 1976)). In order to include a claim in the district court action that was not included in the original EEOC charge, there must be a "close nexus" between the facts alleged in the administrative charge and any newly raised claim. *See id.* at 967; *see also Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996).

Ms. Brandon's July 29, 2022 EEOC charge referenced disability discrimination and does not mention any retaliation or gender discrimination claims. Ms. Brandon's EEOC charge did not give Defendant notice of any retaliation or gender discrimination claims arising out of her disability discrimination claim, and nothing is pled in the Amended Complaint to suggest that her alleged retaliation and gender discrimination claims would arise out of any subsequent EEOC investigation into the charge. Thus, Defendant's Motion for Judgment on the Pleadings with regards to Ms. Brandon's Count III, Retaliation claim, and Count IV, Gender Discrimination claim, will be granted.

### IV.     Conclusion

For the reasons stated above, Defendant's Partial Motion for Judgment on the Pleadings will be granted. Judgment will be entered in favor of Defendant and against Ms. Brandon at

Count II, Wrongful Termination; Count III, Retaliation; and Count IV, Gender Discrimination.

A separate Order to follow.

DATE: 4/26/2023

*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge