IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMY BRANDON, | ) | |
| | ) | |
| Plaintiff, | ) | 2:22-cv-1671 |
| | ) | |
| v. | ) | |
| | ) | Judge Marilyn J. Horan |
| UPMC PRESBYTERIAN SHADYSIDE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff, Amy Brandon, filed suit against Defendant, UPMC Presbyterian Shadyside, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), the Rehabilitation Act of 1973, the Pennsylvania Human Relations Act (PHRA), 42 U.S.C. § 2000e-3, and the Americans with Disabilities Act (ADA).  (ECF No. 18).  Presently, before the Court, is Ms. Brandon's Partial Motion for Judgment on the Pleadings.  (ECF No. 27).  Ms. Brandon moves for judgment on the pleadings in her favor at Count I, ADA Disability Discrimination claim.  (ECF No. 27).  The Partial Motion for Judgment on the Pleadings has been fully briefed and is now ripe for decision.  For the reasons that follow, Ms. Brandon's Partial Motion for Judgment on the Pleadings will be denied.

**I.    Statement of Facts**

Beginning in September 2013, Ms. Brandon was employed by Defendant as a revenue cycle supervisor overseeing help desks.  (ECF No. 18, ¶¶ 7-10).  Ms. Brandon suffers from depression, anxiety, bipolar 1 depression, and post-traumatic stress disorder.  (ECF No. 18, ¶ 12). Ms. Brandon alleges that, in September 2021, her supervisor, Jason Swenson, began to demoralize and harass Ms. Brandon in front of other employees, and he suggested that she take Adderall in response to her mental and emotional distress.  (ECF No. 18, ¶ 13).  In March 2020,

Mr. Swenson began to berate and belittle Ms. Brandon in front of other employees while she was conducting cross-training for other supervisors and departments on a Zoom meeting. (ECF No. 18, ¶ 14).

Ms. Brandon was approved for FMLA leave by Workpartner from October 4, 2021 until December 26, 2021. (ECF No. 18, ¶ 16). Ms. Brandon was approved for short-term disability by Workpartner from October 10, 2021 until March 26, 2022. (ECF No. 18, ¶ 17). On February 11, 2022, Ms. Brandon received a notice stating, "Since your time way from your work is no longer protected, your employment is terminated effective 2-7-2022." (ECF No. 18, ¶ 18).

Ms. Brandon filed an EEOC charge on July 29, 2022, which stated that she was discriminated against based upon her disability. (ECF No. 19-1, at 3). Ms. Brandon received her Right to Sue Letter from the EEOC on September 3, 2022. (ECF No. 18-4, at 2).

## II.     Relevant Legal Standard

Federal Rule of Civil Procedure 12(c) provides: "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." "In reviewing a motion for judgment on the pleadings, a court must accept the nonmovant's allegations as true and view all facts and inferences drawn therefrom in the light most favorable to the nonmoving party." *Selective Way Ins. Co. v. Gingrich*, No. 1:10-CV-405, 2010 WL 4362450, at *2 (M.D. Pa. Oct. 27, 2010) (citing *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005)). "A court presented with a motion for judgment on the pleadings must consider the plaintiff's complaint, the defendant's answer, and any written instruments or exhibits attached to the pleadings." *Anthony v. Torrance State Hosp.*, No. CV 3:16-29, 2016 WL 4581350, at *1 (W.D. Pa. 2016). A motion for judgment on the pleadings may be granted where "'the movant clearly establishes that no material issue of fact remains to be resolved' and that it is 'entitled to

2

judgment as a matter of law.'" *Wiseman Oil Co. v. TIG Ins. Co.*, 878 F. Supp. 2d 597, 600 (W.D. Pa. 2012) (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)).

**III.   Discussion**

Ms. Brandon argues that she is entitled to Judgment on the Pleadings in regard to Count I, ADA Disability Discrimination claim.  (ECF No. 27, at 4).  Defendant argues that it has raised material issues of fact in its Answer, which preclude this Court from entering judgment in Ms. Brandon's favor at Count I.  (ECF No. 30, at 4).

As an initial matter, while courts have an obligation to read a pro se litigant's pleading liberally, a pro se plaintiff is not excused from complying with rules of procedural and substantive law.  *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  Although courts are directed to "liberally construe pro se filings," the plaintiff "is not exempt from procedural rules or the consequences of failing to comply with them." *Jones v. Sec'y Pa. Dep't of Corr.*, 589 F. App'x 591, 593 (3d Cir. 2014).  "Courts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 1611 (2020) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1217 (3d ed. 2019).  The Third Circuit has explained:

> The circumstances surrounding the particular pleading, including the nature of the action, the sort of relief being sought, the availability of information, and other practical considerations must guide the inquiry into whether the litigant's statement of his claim qualifies as "short and plain."

*See* Wright & Miller, *supra*, § 1217.  Importantly, "judging the sufficiency of a pleading is a context-dependent exercise." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010).  *Id.* at 93.  Furthermore, a "statement of a claim may be 'plain' even if it does not include every name, date, and location of the incidents at issue." *Id.* (citations omitted).

3

Under the ADA, "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 41 U.S.C. § 12112(a). In order to establish a prima facie case of disability discrimination, a plaintiff must show that "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Gaul v. Lucent Techs.*, 134 F.3d 576, 580 (3d Cir. 1998).

Turning to the first element of the prima facie case, a disability is defined under the ADA as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Under the ADA, a physical impairment is defined as "[a]ny physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine." 29 C.F.R. § 1630.2(h)(1). The ADA specifies that "major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). "An individual is substantially limited in performing a major life activity if that individual is unable to pursue that major life activity in a comparable manner 'to most people in the general population.'" *Arrington v. Nat'l R.R. Passenger Corp.*, 721 F. App'x 151, 154 (3d Cir. 2018) (quoting 29 C.F.R. § 1630.2(j)(1)(ii)).

4

Under the second element of the prima facie case, a "qualified individual" is a person who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). EEOC Regulations divide the "qualified individual" inquiry into two prongs. *Deane v. Pocono Med. Ctr.*, 142 F.3d 138, 145 (3d Cir. 1998). "First, a court must determine whether the individual satisfies the requisite skill, experience, education and other job-related requirements of the employment position that such individual holds or desires." *Id.* (citing 29 C.F.R. § 1630, app. § 1630.2(m)). "Second, it must determine whether the individual, with or without reasonable accommodation, can perform the essential functions of the position held or sought." *Id.* (citing 29 C.F.R. § 1630, app. § 1630.2(m)).

The Third Circuit Court of Appeals follows a two-step process to determine whether the individual can perform the essential functions of the job with or without a reasonable accommodation. *Id.* at 146. "First, a court must consider whether the individual can perform the essential functions of the job without accommodation. If so, the individual is qualified (and, *a fortiori*, is not entitled to accommodation)." *Id.* If the individual cannot perform the essential functions of the job without accommodation, "then the court must look to whether the individual can perform the essential functions of the job with a reasonable accommodation. If so, the individual is qualified. If not, the individual has failed to set out a necessary element of the *prima facie* case." *Id.*

A job's essential functions are defined by EEOC Regulations as those that are "fundamental" to the job rather than "marginal." *Skerski v. Time Warner Cable Co.*, 257 F.3d 273, 278 (3d Cir. 2001) (citing 29 C.F.R. § 1630.2(n)(1)). Per the applicable Regulations, "a job function may be considered essential" for any of the following reasons:

> (i) The function may be essential because the reason the position exists is to perform that function;
>
> (ii) The function may be essential because of the limited number of employees available among whom the performance of that job function can be distributed; and/or
>
> (iii) The function may be highly specialized so that the incumbent in the position is hired for his or her expertise or ability to perform the particular function.

29 C.F.R. § 1630.2(n)(2). The Regulations also include a list of evidence that a Court may consider in determining whether a particular function is essential:

> (i) The employer's judgment as to which functions are essential;
>
> (ii) Written job descriptions prepared before advertising or interviewing applicants for the job;
>
> (iii) The amount of time spent on the job performing the function;
>
> (iv) The consequences of not requiring the incumbent to perform the function;
>
> (v) The terms of a collective bargaining agreement;
>
> (vi) The work experience of past incumbents in the job; and/or
>
> (vii) The current work experience of incumbents in similar jobs.

29 C.F.R. § 1630.2(n)(3). Whether a particular function of a job is essential is "a factual determination that must be made on a case by case basis." *Skerski*, 257 F.3d at 278 (quoting 29 C.F.R. § 1630, app. § 1630.2(n)).

A reasonable accommodation under the ADA includes: "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devises, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9)(B). EEOC Regulations define a reasonable accommodation as "modifications or adjustments to the work

6

environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position." 29 C.F.R. § 1630.2(o)(1)(ii).

As to the third element of a plaintiff's prima facie case, an adverse employment action is "an action by an employer that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Komis v. Sec'y of the U.S. Dep't of Labor*, 918 F.3d 289, 292 (3d Cir. 2019) (internal quotations omitted). Adverse employment actions include acts related to the "hiring, advancement, or discharge of employees." 42 U.S.C. § 12112(a).

If the plaintiff establishes a prima facie case for disability discrimination, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for why the plaintiff received such treatment. *McDonnell*, 411 U.S. at 802. The burden upon the defendant at the second step of the *McDonnell Douglas* framework is "relatively light," and the employer need only introduce "evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision." *Fuentes v. Perskie*, 32 F.3d 759, 706 (3d Cir. 1994). Nevertheless, "[s]ubjective evaluations are more susceptible of abuse and more likely to mask pretext." *Weldon v. Kraft, Inc.*, 896 F.3d 793, 798 (3d Cir. 1990).

The plaintiff may then rebut the defendant's legitimate reason with sufficient evidence supporting that said reason is mere pretext for intentional discrimination. *McDonnell*, 411 U.S. at 802. Pretext may be shown by offering facts that would allow the court to (1) disbelieve the employer's articulated legitimate reason for taking the adverse employment action; or (2) believe that an invidious discriminatory reason was more likely than not the real reason for the action. *Fuentes*, 32 F.3d at 764. "To show that an employer's legitimate reasons should be disbelieved,

7

a plaintiff must offer evidence that would allow a fact finder to reasonably infer that *each* of the employer's proffered nondiscriminatory reasons was either a *post hoc* fabrication or otherwise did not actually motivate the employment action." *Marione v. Metro. Life Ins. Co.*, 188 Fed. App'x 141, 144 (3d Cir. 2006) (citations and internal quotations omitted). To discredit a legitimate, non-discriminatory reason, the plaintiff must demonstrate "such weakness, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder *could* rationally find them unworthy of credence." *Fuentes*, 32 F.3d at 765 (citation and internal quotations omitted).

In its Answer, Affirmative Defenses & New Matter, Defendant has denied each of Ms. Brandon's material allegations relating to her alleged disability and her alleged request for reasonable accommodations. Within its Answer, Defendant has denied knowledge of Ms. Brandon's alleged disabilities. (ECF No. 19, ¶¶ 12, 15, 25, 26). Defendant has also denied that Ms. Brandon made a request for accommodation or that she engaged in the interactive process. (ECF No. 19, ¶¶ 26-27). Furthermore, Defendant asserts within its Answer that Ms. Brandon has not identified an accommodation that would allow her to perform the essential functions of her job, which precludes an entry of judgment in Ms. Brandon's favor. (ECF No. 19, ¶¶ 55-57, 61-63). As such, Defendant has entirely denied Ms. Brandon's allegations of disability discrimination in support of her prima facie case. As questions of material fact remain, Ms. Brandon is not able to prove her prima facie case of disability discrimination at this stage of the case.

Defendant asserts within its Answer that it terminated Ms. Brandon's employment because she failed to return to work after the exhaustion of her approved leave. (ECF No. 19, ¶ 33). As such, Defendant has asserted within its Answer a legitimate, non-discriminatory reason

for terminating Ms. Brandon's employment, and questions of material fact remain as to the second step of the *McDonnell Douglas* burden shifting framework.

Finally, Defendant has asserted several additional affirmative defenses which would preclude entry of judgment on the pleadings. Defendant has asserted the following affirmative defenses in its Answer: assumption of the risk, (ECF No. 19, ¶ 64); the doctrine of after-acquired evidence, (ECF No. 19, ¶¶ 65, 86); the statute of limitations, (ECF No. 19, ¶¶ 67, 84); judicial estoppel, (ECF No. 19, ¶¶ 68, 76); waiver, (ECF No. 19, ¶ 19); mitigation, (ECF No. 19, ¶ 70); and administrative exhaustion, (ECF No. 19, ¶¶ 72, 85). At this stage of the proceedings, the Court must assume that the Defendant will be able to prove each of these additional affirmative defenses. As such, Defendant's additional affirmative defenses likewise preclude the Court from entering judgment in Ms. Brandon's favor at this stage in the proceedings. As such, Ms. Brandon's Motion for Judgment on the Pleadings as to Count I, ADA Disability Discrimination claim, will be denied.

### IV.  Conclusion

For the reasons stated above, Ms. Brandon's Partial Motion for Judgment on the Pleadings will be denied. A separate Order to follow.

DATE: _4/26/2023_____

_Marilyn J. Horan_
Marilyn J. Horan
United States District Judge